UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                    Case No. 21-48063

ABDOUN ESTATE HOLDINGS, LLC,                              Chapter 11

        Debtor.                                        Judge Thomas J. Tucker
_____/

**ORDER REQUIRING DEBTOR TO AMEND DISCLOSURE STATEMENT**

On January 10, 2022, the Debtor filed a plan and disclosure statement, in a document entitled "Debtor's Combined Plan and Disclosure Statement" (Docket # 56). The Court cannot yet grant preliminary approval of the disclosure statement contained within this document ("Disclosure Statement").[1] The Court notes the following problems, which the Debtor must correct.

1. The Debtor must delete the definition of "Exemption Claim" in Article I.A.18 of the Disclosure Statement on page 3. That defined term is not used anywhere in the Disclosure Statement, and this definition implies that this Debtor may have property that is exempt. But this Debtor has no exemptions, and claims no exemptions. Under 11 U.S.C. § 522(b)(1), exemptions are available only for "individuals," *i.e.*, human beings, and not for entities such as a limited liability company.

2. With regard to Group I described in Article I.C(1) of the Disclosure Statement on pages 4-5, the Debtor must estimate the amount of each administrative claim (*e.g.*, Group I

---

[1] It appears that the Debtor intended to state its reorganization plan on pages 1-16, and intended that the disclosure statement appear beginning on page 16, starting at Section II, titled "Description of the Debtor." But the document filed by the Debtor does not explicitly label any particular part as the disclosure statement. For this reason, the Court will cite each part of the document discussed in this Order as the "Disclosure Statement."

consisting of allowed administrative claims, including attorney fees for Debtor's counsel, in the estimated amount of $____; attorney fees for Alexander E. Blum, special counsel for the Debtor, in the estimated amount of $____; attorney fees for J. Christian Hauser, special counsel for the Debtor, in the estimated amount of $____).

3. With regard to Class 1 described in Article I.C(2) on pages 5-6 of the Disclosure Statement, the Debtor must state the frequency of the payments (*e.g.,* monthly, bi-weekly), and the amount of each payment, to the Oakland County Treasurer.

4. With regard to Class 2 described in Article I.C(2) on page 6 of the Disclosure Statement, the Debtor states that "[p]rior to the Filing Date, the Debtor was involved in litigation with Red Oak [Capital Fund III, LLC ('Red Oak')]." The Debtor must provide the names of the parties in the litigation and the court involved, and describe the claims and the counterclaims, and the status of the litigation.

5. Also with regard to Class 2, the Debtor must state both the amount claimed by Red Oak, and the amount the Debtor believes is likely to be the ultimate allowed amount of Red Oak's claim. The Debtor also must state the following, under the foregoing two claim amount scenarios (allowed in full amount claimed by Red Oak and allowed in amount the Debtor predicts): estimate the amount of the monthly payments to Red Oak under the Plan, and state when payments to Red Oak are likely to begin. The Debtor also must state explicitly what the priority of Red Oak's secured claim is, the value of the property securing the claim, and whether any portion of the claim is unsecured.[2] If any portion of Red Oak's secured claim is unsecured,

---

[2] The Court notes that under the Plan, as stated with respect to Class 1, the Oakland County Treasurer has a secured claim on the same property on which Red Oak has a secured claim (26250 Northwestern Highway, Southfield, MI, the "Property"); that the stated value of the Property is

the Debtor must state whether that portion of the claim will be treated in the class of general unsecured creditors.

6. The Debtor must correct two apparent typographical errors, by (a) changing the class describing the claims of general unsecured creditors on pages 6-7 of the Disclosure Statement from "Class 4" to "Class 3" and (b) by changing the class describing the claims of equity security holders on page 7 of the Disclosure Statement from "Class 5" to "Class 4."

7. With regard to newly-numbered Class 3 described in Article I.C(2) on pages 6-7 of the Disclosure Statement, the Debtor must also list the creditor names and amounts of the claims listed as "Disputed" in the Debtor's Schedule E/F (Docket # 20).

8. In Article I.D(3) on pages 8-9 of the Disclosure Statement, the Debtor must describe the Debtor's claims against third parties in more detail, and describe what the status is of the litigation of these claims.

9. In two places where the Debtor refers to the length of the Plan as being 60 months, at pages 9 and 19 of the Disclosure Statement, the Debtor must qualify the statement with the fact that payments under the Plan of the claim of Red Oak under Class 2 will be made over a period of 25 years.

10. In Article I.E on page 9 of the Disclosure Statement, the Debtor states that it is "in the process of rehabilitating the building" it owns. The Debtor must describe in more detail what the status is of that rehabilitation, including what has been done to date, what remains to be done,

---

$1,500,000.00; and that "the lien of the Oakland County Treasurer is superior to all other liens, claim, or encumbrances." Given this, it appears that under the Plan, Red Oak would have a second priority lien on the Property, and a portion of its $2,523,766.46 claim may be unsecured. The Debtor must explain all this, explicitly, in describing the treatment of Red Oak's claim.

3

21-48063-tjt    Doc 57    Filed 01/14/22    Entered 01/14/22 15:49:17    Page 3 of 5

and when the Debtor estimates the rehabilitation will be completed.

11. In Article I.K.6 of the Disclosure Statement on page 15, the Debtor uses the term "Contested Claim," implying by the capitalization that this is a defined term. But no definition of this term is given anywhere in the document. Perhaps the Debtor intended here to use the phrase "contested Claim," as it does earlier in the document. In any event, the Debtor must correct this.

12. In Article II.B of the Disclosure Statement on page 17, the Debtor must state the educational background and work history of the Debtor's sole member, Ahmad Abulabon. The Debtor also must state whether Mr. Abulabon drew a salary from the Debtor pre-petition, and if so, how much, and whether the Debtor paid for any fringe benefits for Mr. Abulabon pre-petition, and is so, what benefits. The Debtor also must state whether Mr. Abulabon is a creditor of the Debtor, and if so, what the claim(s) are. And the Debtor must state whether Mr. Abulabon will be paid any salary, fringe benefits, or other compensation by the Debtor after confirmation, and if so, what.

13. In its Liquidation Analysis, the Debtor lists as an asset $5,391,000.00 worth of claims against third parties, and states that there are no liens on these claims, but then indicates that $0.00 from these claims would be available for distribution in a hypothetical Chapter 7 liquidation. (*See* Ex. A to Disclosure Statement, Docket # 56-1). This appears to be an error. The Debtor must either correct this error or explain why $0.00 would be available for distribution from claims the Debtor values at $5,391,000.00.

14. In the Disclosure Statement in paragraph V.A. on page 18, the Debtor must provide meaningful summaries of the financial information in a line itemization format listing all income

and expense categories, for three years pre-petition (2019, 2020, and 2021) and for the post-petition period to date. Although the Disclosure Statement indicates that the Debtor had no income for 2021 or for 2022 year to date, if there were expenses during these periods, they must be itemized. The Debtor also must provide projections for the 60 month period of payment (each of the 5 years) proposed by the Plan, in the same line itemization format.

Accordingly,

IT IS ORDERED that no later than **January 28, 2022**, the Debtor must file an amended combined plan and disclosure statement that is consistent with this Order.

IT IS FURTHER ORDERED that no later than **January 28, 2021**, the Debtor also must file a redlined version of the amended combined plan and disclosure statement, showing the changes the Debtor has made to the "Debtor's Combined Plan and Disclosure Statement" filed January 10, 2022.

**Signed on January 14, 2022**



/s/ Thomas J. Tucker
**Thomas J. Tucker**
**United States Bankruptcy Judge**